IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-46-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| MICHAEL JOSEPH PLOCAR, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with Homeland Security Investigations.[1] Defendant presented the testimony of two proposed third-party custodians, his wife and one of his sons (a divorced member of the Navy with two teen-aged children not residing in his home in Hampton, Va.). The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in an eleven-count indictment on 19 March 2014 with 10 counts of receipt of child pornography beginning at a time unknown and ending on or about 1

---

[1] The government offered evidence of a study on sex offenders that is the subject of the article, Michael L. Bourke, et al., "The use of tactical polygraph with sex offenders," *Journal of Sexual Aggression* (2014), but the court upheld defendant's objection to the admission of such evidence. The government handed up a copy of the article for the court's edification, which the court has not yet reviewed or considered in connection with the government's motion.

November 2012 in violation of 18 U.S.C. § 2252(a)(2) (cts. 1-10); and possession of child pornography on or about 1 November 2012 in violation of 18 U.S.C. § 2252(a)(4)(B) (ct. 11). The evidence presented at the hearing showed that the charges arose from an investigation into downloads of child pornography to an IP address registered to defendant. A search of the home of defendant (presently age 62) on 1 November 2012 yielded 42 videos of child pornography, including one depicting what amounted to the rape of a 9-year-old girl by an adult male (*see* ct. 3) and others sadism, masochism, and bondage. The videos had been downloaded over a period of at least two years. At some point, defendant, using a peer-to-peer network, enabled others to download child pornography videos in his collection. In questioning at the scene, defendant initially denied intentional receipt of any child pornography, only adult pornography, but eventually admitted to downloading it over the course of two to three years and masturbating to it. He stated that he preferred girls in the 14- to 16-year-old range.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offenses charged as involving minor victims; the circumstances of the offenses charged, including the length of time defendant has been downloading and viewing child pornography, the violent nature of material included in defendant's collection, the number of videos in defendant's collection, the length of some of the videos (over 30 minutes), and defendant's sharing videos through a peer-to-peer network; the

danger of continued offense conduct and potentially hands-on offense conduct by defendant if released; the utter unsuitability of defendant's wife as a third-party custodian due to her denial that defendant has a problem with respect to child pornography, her minimization of the wrongful nature of his conduct, her dependence on him for income, and the extent of the danger to minors presented by defendant; the unsuitability of the proposed custodial arrangement with defendant's son, notwithstanding his suitability as a third-party custodian, due to his absence from the home during the workday for full-time employment, the location of his home in a beach community frequented by tourists in the upcoming warmer months of the year (presumably including beachwear-clad children), the lack of employment for defendant if at his son's home (signifying that he would be at home alone with relatively little to do much of the time), and the extent of the danger presented to minors by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant has multiple medical problems, they have not prevented him from working full-time and travelling out of town on business, and the Marshals Service is well versed in meeting its responsibility of ensuring that those in its custody receive proper medical care.

Defendant has a history of well-paying employment, but it has not prevented him from engaging in the alleged offense conduct. In fact, defendant's wife testified that the stress of work contributed to his involvement with child pornography. While defendant's wife testified and defendant argued that his current employer would continue his employment if he were released (as it did after he was released on the counterpart state charges), his supervisor did not return three telephone messages left for him by the Probation Office inquiring into defendant's present

job status. Thus, defendant has not convincingly demonstrated that he would be able to return to his current job if released.

The court acknowledges that defendant had an extended (20 years) and honorable career in the military. That career, though, while certainly laudable, bears only an attenuated relationship to the danger defendant currently presents based on his involvement with child pornography.

On advice of counsel, defendant has been attending counseling for his use of adult and child pornography. But no evidence from the provider was presented addressing the effectiveness of that treatment, including specifically the extent to which, if any, it mitigates the danger defendant presents to minors.

Defendant has no criminal record other than charges arising from the instant alleged conduct besides a prowling offense when he was a teenager. Defendant's lack of a prior material criminal record, however, does not negate the danger evident from the charged conduct. It appears clear that with respect to child pornography he is unwilling or unable to conform his conduct to the law.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

4

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of March 2014.

                                                      James E. Gates
                                                     United States Magistrate Judge